UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LISA GANNING,**

**Plaintiff,**                                    **Case No.:**

**v.**

**CHARLES WAYNE
PROPERTIES, INC.,**
**A Florida Profit Corporation,**

**Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LISA GANNING (hereinafter referred as "GANNING" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant CHARLES WAYNE PROPERTIES, INC. (hereinafter referred as "CWP" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA") and Florida's Workers' Compensation Law in violation of § 440.205. As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to

which the Plaintiff is entitled, including but not limited to, equitable relief. In support of the foregoing, Plaintiff states as follows:

## PARTIES

1. Plaintiff was hired by Defendant on or about January 14, 2012.

2. Plaintiff is protected by the ADAAA because she:

    a. Was suffering "a physical or mental impairment that substantially limits one or more [of her] major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

    b. Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

    c. Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

3. Defendant manages an apartment complex in Daytona Beach, Florida.

4. Plaintiff was employed as an Assistant Property Manager for Defendant.

5. By the very nature of its work, Defendant is a corporation that is engaged in commerce.

6. Defendant is engaged in an industry affecting commerce.

7. Defendant employs more than fifty (50) employees.

8. Defendant employs more than fifty (50) employees within 75 miles of its Daytona Beach, Florida location.

9. Plaintiff is an "employee" as defined by the FMLA.

10. Defendant is an "employer" as defined by the FMLA.

11. At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

12. At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## JURISDICTION & VENUE

13. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

14. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

15. Plaintiff worked for Defendant in Volusia County, Florida.

16. Defendant conducts business in Volusia County, Florida.

17. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## SATISFACTION OF CONDITIONS PRECEDENT

18. On or about July 19, 2022, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the American with Disabilities Act (ADA).

19. The EEOC, on or about February 27, 2023, issued to Plaintiff a Dismissal and Notice of Rights as to the Charge.

20. This action is being commenced within 90 days of Plaintiff's receipt of the Dismissal and Notice of Rights.

## STATEMENT OF FACTS

21. Plaintiff worked as an Assistant Property Manager for Defendant, starting in January 2019.

22. Plaintiff was employed with Defendant for one (1) calendar year leading up to December 2021.

23. Plaintiff worked over 1,250 hours for Defendant during the year immediately preceding December 2021.

24. Plaintiff suffered a compensable workers' compensation injury on or about May 18, 2021.

25. More specifically, Plaintiff injured herself after falling at work and reported the same to the senior property manager, Debbie Weiland, and supervisor Frank Sanderlin.

26. In response, Ms. Weiland and Mr. Sanderlin laughed about the situation, took no action, and went back to normal business.

27. They continued to take no further action for almost 7 months.

28. Plaintiff proceeded to treat, using her private insurance for her work-related injuries.

29. Plaintiff received a diagnosis of cervical spondylosis and cervical radiculopathy, disabling conditions under the ADAAA.

30. Five weeks prior to her scheduled cervical spine discectomy, and only one week after they discussed a workers compensation claim, Plaintiff was terminated on or about December 7, 2021.

31. Ultimately, the only "justification" that was provided for her termination was that the company didn't think she was "happy" in her role.

32. Rather than allow Plaintiff to recover from her serious health condition and later return to her full duties after her FMLA leave, she was terminated.

33. This termination interfered with Plaintiff's FMLA rights which entitled her to return to her same or similar position with equal pay and benefits.

34. Plaintiff was abundantly forthcoming the need for time off due to her workplace injury.

35. Instead of allowing her to take time off, she was terminated.

36. Each retaliatory decision propounded by the Company, its employees, agents, and/or representatives were in response to a health condition that necessitated Plaintiff's use of her rights under the FMLA.

37. Here, the Company did not accommodate Plaintiff and terminated her because of her medical needs and workplace injuries.

38. These actions by the Company are violations of the ADAAA.

39. Defendant's actions, including the failure to accommodate Plaintiff, were discriminatory.

40. Defendant's actions, including terminating Plaintiff, were discriminatory.

41. Defendant's actions, including terminating Plaintiff, were retaliatory.

## COUNT I
## INTERFERENCE UNDER THE FMLA

42. Plaintiff re-alleges and adopts the allegations of paragraphs 1, 3-10, 13-17, and 21-37 above as if fully set forth herein.

43. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

44. Defendant was Plaintiff's employer as defined by the FMLA.

45. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

46. As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

47. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

48. Defendant's violations of the FMLA were willful.

49. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for their interference with her rights under the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant's practices toward Plaintiff violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II
## DISABILITY DISCRIMINATION

50. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-6, 11-21, 24-32, 34-35, and 37-40 above.

51. Plaintiff's disability was a motivating cause of Defendant's discriminatory behavior towards Plaintiff, and thus, constituted disability discrimination as proscribed by the ADAAA.

52. Defendant's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation, discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of employment because of Plaintiff's disability.

53. As a natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

54. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against disability discrimination as to entitled Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

55. The disability discrimination Plaintiff suffered, in violation of her federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

56. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

    a. Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

    b. Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's discriminatory acts;

    c. Awarding judgment against Defendant for compensatory damages;

    d. Awarding judgment against Defendant for punitive damages;

    e. Enjoining Defendant to reinstate Plaintiff to a job comparable to the

one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

 f. Awarding Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

 g. Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

 h. Granting such other and further relief as the Court deems just.

## COUNT III
## RETALIATION IN VIOLATION OF THE ADAAA

57. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-6, 11-21, 24-32, 34-35, 37-38, and 41 above.

58. Plaintiff requested a reasonable accommodation for her disability/perceived disability. This constituted protected activity under the ADAAA.

59. As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

60. The conduct of Defendant's management was in such reckless

disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

61. The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

62. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a. Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b. Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

c. Awarding judgment against Defendant for compensatory damages;

d. Awarding judgment against Defendant for punitive damages;

e. Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

  f. Awarding Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

  g. Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

  h. Granting such other and further relief as the Court deems just.

## COUNT IV:
## RETALIATION IN VIOLATION OF §440.205, FLORIDA STATUTES

63. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1, 3, 13-17, 21, 24-31, 34-35, 37, and 41 above.

64. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the §440.205, Florida Statutes.

65. Plaintiff was discharged by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

66. The retaliation to which Plaintiff was subjected was based on her disability.

67. The retaliation to which Plaintiff was subjected was based on her attempt to claim compensation Workers 'Compensation Law (Chapter 440, Florida Statutes).

68. Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's firing.

69. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Declare that Defendant violated the aforementioned causes of action;

b. Grant a jury trial and entry of judgment in Plaintiff's favor;

c. Award back pay;

d. Award front pay;

e. Award compensatory damages;

f. Award liquidated damages;

g. Award prejudgment interests, and, if applicable, post-judgment interest;

h. Award any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __26th__ day of May, 2023.

Respectfully submitted,
s/ Edward W. Wimp
Edward W. Wimp, Esquire – LEAD COUNSEL
FBN: 1015586
Email: ewimp@theleachfirm.com
Direct: 407-574-6339

Anthony J. Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff